## Brungger *v.* Smith.

*(Circuit Court, D. Massachusetts. January 6, 1892.)*

1. ATTORNEYS—PRIVILEGED COMMUNICATIONS.
     The doctrine of privileged communications does not apply to testimony of a solicitor of patents who is not an attorney at law.

2. SAME—SOLICITOR OF PATENTS.
     A solicitor of patents, who is not an attorney at law, is not privileged from testifying under Rev. St. § 4908, which provided that a witness on the trial of an interference need not "disclose any secret invention or discovery made or owned by himself."

3. WITNESS—REFUSAL TO TESTIFY—ATTACHMENT.
     In the case of the refusal to testify of a witness subpœnaed on the trial of an interference, the remedy is by petition for an attachment for contempt, and not for an order to compel the witness to answer the questions put to him.

At Law.

Petition of Herman Brungger for an order of court directing the witness, Charles F. Brown, to answer certain questions put to such witness

on the trial of the interference No. 14,195, between the applications Nos. 349,621, 349,622, and 349,623, of Herman Brungger, filed April 26, 1890, and the application No. 307,277, of Sidney Smith, filed March 7, 1889. Brown refused to answer the questions put to him on the ground that the facts and matter inquired about were privileged as communications between client and counsel. In the answer to the petition it was alleged:

"*First.* That said Brown is a solicitor of patents in good standing, and recognized as such by the commissioner of patents, and acts in a professional capacity when employed as such solicitor by claimants and applicants for patents before the United States patent-office. His relations to his client are precisely the same as those between a regular practitioner before the courts and his client, inasmuch as the nature of his employment requires professional skill, integrity, and secrecy; and he is therefore privileged from disclosing any professional matters, information, or conversations within the scope of such employment. *Second.* That said witness, acting in a professional capacity as solicitor of patents, employed by Sidney Smith, the party to this interference, as such, cannot be compelled to disclose any secret invention wherein his client is protected by Rev. St. U. S. § 4908. *Third.* That this respondent has not waived, or in any manner has he intended to waive, his privilege herein, as alleged by the counsel for Brungger. *Fourth.* This respondent denies that said questions are material in this case, or proper rebuttal, but charges and says that the examination of this witness is for the sole purpose of probing into the contents of a certain application for patent of this respondent now pending, not in this interference, and in which said witness is the solicitor, attorney, and legal adviser. *Fifth.* The very nature or character or scope of the question which the witness refused to answer is within the rule of privileged communications, though it calls for a fact."

*H. T. Munson,* for petitioner.
*R. A. Sprague,* opposed.

COLT, Circuit Judge. The doctrine of privileged communication is confined to cases of counsel, solicitor, and attorney. The witness in the present case testifies that he is not an attorney at law; and therefore, under well-settled rules, he cannot invoke this privilege. This witness is not privileged from answering under the last paragraph of section 4908, Rev. St., because he does not come within the description therein set forth.

The proper form of application to enforce obedience to a subpoena issued under section 4906, Rev. St., is a petition for an attachment for contempt. Upon the pleadings, as here presented, the court will not enter a formal order. The motion and answer in this case disclose to the court the existing facts on the examination of the witness before a commissioner of this court, and this rescript will inform the parties and the witness as to the views of the court upon the questions presented.